JTW: 10.12.23
KFD: USAO 2023R00446

USDC- BALTIMORE
'23 DEC 6 PM 3:25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. JRR23cr438 |
| | * | |
| ZACHARIAH SATTLER, | * | (Possession of Firearms by a |
| | * | Prohibited Person, 18 U.S.C. |
| Defendant. | * | § 922(g)(1); Possession of an |
| | * | Unregistered Firearm, 26 U.S.C. § |
| | * | 5861(d); Forfeiture, 18 U.S.C. § 924(d), |
| | * | 28 U.S.C. § 2461(c), and 26 U.S.C. |
| | * | § 5872) |

******

## INDICTMENT

### COUNT ONE
(Possession of Firearms by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about December 13, 2022, in the District of Maryland, the Defendant,

**ZACHARIAH SATTLER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit, a Maverick Arms, Model 88, 12 caliber shotgun bearing serial number MV61910G; a Remington Arms Company, 1100 LT20, 20 caliber shotgun, bearing serial number R158738K; and the firearms were in and affecting commerce.

18 U.S.C. § 922(g)

JTW: 10.12.23
KFD: USAO 2023R00446

## COUNT TWO
### (Possession of an Unregistered Short-Barreled Rifle)

The Grand Jury for the District of Maryland further charges that:

On or about December 13, 2022, in the District of Maryland, the Defendant,

**ZACHARIAH SATTLER,**

unlawfully and knowingly possessed a short-barreled rifle as defined in 26 U.S.C. § 5845(a), that is, a rifle with a barrel of less than sixteen inches in length; with no manufacturer's markings or serial number; that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d), and 5871.

26 U.S.C. § 5841
26 U.S.C. § 5845(a)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under Counts One and Two of this Indictment.

### Firearms Forfeiture

2. Pursuant to 18 U.S.C. § 924(d), upon conviction of an offense(s) alleged in Counts One and Two of this Indictment, incorporated here, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in those offenses.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to:

   a. a Maverick Arms, Model 88, 12 caliber shotgun bearing serial number MV61910G;

   b. a Remington Arms Company, 1100 LT20, 20 caliber shotgun, bearing serial number R158738K;

   c. a short-barreled rifle with no manufacturer's markings or serial number.

### Substitute Assets

5. Pursuant to 21 U.S.C. 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

3

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided

without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property charged with forfeiture in the paragraphs above.

18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)
26 U.S.C. § 5872

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

12-06-23
Date

4