IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. JRR-23-438 |
| | : | |
| ZACHARIAH SATTLER, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through undersigned counsel, respectfully moves this Court to exclude time from the Speedy Trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A), and states as follows:

## BACKGROUND

1. On December 6, 2023, a federal Grand Jury returned a two-count Indictment against Zachariah Sattler (the "Defendant" or "Mr. Sattler") for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). *See* ECF No. 1.

2. On December 15, 2023, Mr. Sattler had his Initial Appearance before United States Magistrate Judge A. David Copperthite. He was released with conditions by agreement of the Parties. ECF Nos. 6, 8. On December 20, 2023, Assistant Federal Public Defender Anjali Biala entered an appearance on behalf of Mr. Sattler. ECF No. 9.

3. The Government has produced discovery to counsel for Mr. Sattler, which counsel for Mr. Sattler has reviewed or will review. The Government is seeking additional time to determine if this case can be resolved short of trial before scheduling a trial in this matter, including by engaging in plea negotiations.

1

4. Accordingly, the United States now seeks a tolling of the Speedy Trial clock for the period from **January 18, 2025, through and including March 4, 2025**.

## **LEGAL STANDARD**

5. The Speedy Trial Act requires a trial to begin within seventy days of indictment or initial appearance, whichever occurs later, and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met. 18 U.S.C. § 3161(c)(1); 18 U.S.C. § 3162(a)(2). Certain periods of time are excluded from this computation, however. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, while other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(3)(A), (h)(7)(A).

6. Although 18 U.S.C. § 3161(h)(1) enumerates specific excludable proceedings, including delay resulting from any pretrial motion, the list is not exhaustive. *See* 18 U.S.C. §3161(h)(1) (excluding from computation "[a]ny period of delay resulting from other proceedings concerning the defendant . . ."). That section has been interpreted to encompass a number of different proceedings and events concerning defendants. *See United States v. Hart*, No. 20-4534, 2024 WL 271125, at *4 (4th Cir. Jan. 25, 2024) (quoting and citing *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994) and *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008)).

7. Although the Court of Appeals for the Fourth Circuit has clarified that time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, a number of courts have held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7)—the provision of the Speedy Trial Act authorizing continuances where doing

2

so will serve "the ends of justice." *Hart*, No. 20-4534, 2024 WL 271125, at *4; *see, e.g.*, *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citations omitted); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue."). As long as such periods of delay are supported by findings that the ends of justice they serve outweigh the best interest of the public and the defendant in a speedy trial, they are excludable. *Hart*, No. 20-4534, 2024 WL 271125, at *4.

8. The Supreme Court has emphasized that 18 U.S.C. § 3161(h)(7)(A) "counteract[s]substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

## ARGUMENT

9. Here, the Government requests that the period from **January 18, 2025, through and including March 4, 2025**, be excluded from computation under the Speedy Trial Act based upon the specific circumstances of this case.

10. In this case, there are several circumstances making an exclusion of time under the Speedy Trial Act appropriate. The Government has provided discovery to assist counsel for Mr. Sattler in preparing his case, and discovery is largely complete in this case. The requested time is appropriate to allow the Defendant and his counsel to review this discovery and seek any additional discovery. The interests of justice also would be served by allowing the Parties time to engage in meaningful plea negotiations to determine if this case will be resolved short of trial before scheduling a trial. If the Parties do not resolve the case, the requested time will allow the defense to consider possible pretrial motions, to file such motions if they choose, and for the Court to potentially schedule a motions hearing. Affording time for these matters serves the ends of justice and outweighs the Defendants' and the public's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

11. Counsel for the Government reached out to counsel for the Defendant on January 17, 2025, and again on January 18, 2025, to seek consent for the requested exclusion of time, but counsel for the Defendant did not respond. Counsel for the Defendant has previously consented to requested exclusions of Speedy Trial time in this case. When the Government hears back from counsel for the Defendant, the Government will update the Court about whether or not consent was given.

12. Based on the foregoing, the Court should enter a case-specific order finding that the period from **January 18, 2025, through March 4, 2025**, inclusive, is excluded from computation under 18 U.S.C. § 3161. However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

13. A proposed order for the Court's consideration is attached.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Keelan Diana
Special Assistant United States Attorney
United States Attorney's Office
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
Telephone: (410) 209-4800
Email: Keelan.Diana@usdoj.gov